**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| MICHAEL B. DORSEY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-0741 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 2 |
| | : | | |
| DISTRICT OF COLUMBIA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

### I. INTRODUCTION

This matter comes before the court on the *pro se* plaintiff's motion for a temporary restraining order ("TRO"). The plaintiff, an individual engaged in the business of "assisting persons and businesses with parking and moving violation matters," commenced this action on May 7, 2010, alleging that agents of the District of Columbia Department of Motor Vehicles violated the District of Columbia Code and the Fourteenth Amendment to the United States Constitution by "persecut[ing], discriminat[ing] against and engag[ing] personal animus against him." Compl. at 1-3. The plaintiff also asserts that the defendants improperly withheld information to which he was entitled under the Freedom of Information Act. *See id.* at 3.

The plaintiff seeks a TRO requiring the defendants to "cease withholding pertinent information to this case" and "ceas[e] and desist[] efforts to interfere with th[e] plaintiff's efforts to assist persons and businesses with parking and traffic ticket problems." *See* Pl.'s Mot. at 2. The plaintiff suggests that injunctive relief is necessary to prevent the defendants from damaging the plaintiff's relationships with his clients. *See id.* at 2-3. For the reasons discussed below, the court denies the plaintiff's motion.

## II. ANALYSIS

### A. Legal Standard for Injunctive Relief

This court may issue interim injunctive relief only when the movant demonstrates "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citing *Munaf v. Geren*, 128 S. Ct. 2207, 2218-19 (2008)). It is particularly important for the movant to demonstrate a likelihood of success on the merits. *Cf. Benten v. Kessler*, 505 U.S. 1084, 1085 (1992) (per curiam). Indeed, absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F. Supp. 2d 114, 140 (D.D.C. 1999) (internal quotation omitted).

The other critical factor in the injunctive relief analysis is irreparable injury. A movant must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 129 S. Ct. at 375 (citing *Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)). Indeed, if a party fails to make a sufficient showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors. *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1986). Provided the plaintiff demonstrates a likelihood of success on the merits and of irreparable injury, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987). Finally, "courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of

injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

As an extraordinary remedy, courts should grant such relief sparingly. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The Supreme Court has observed "that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Id.* Therefore, although the trial court has the discretion to issue or deny a preliminary injunction, it is not a form of relief granted lightly. In addition, any injunction that the court issues must be carefully circumscribed and "tailored to remedy the harm shown." *Nat'l Treasury Employees Union v. Yeutter*, 918 F.2d 968, 977 (D.C. Cir. 1990).

### B. The Court Denies the Plaintiff's Motion for Injunctive Relief

The plaintiff does not address any of the factors of the injunctive relief analysis except by alleging, without significant elaboration, that the defendants' actions "cause irreparable and imminent harm." Pl.'s Mot. at 3. The plaintiff correctly recognizes that the irreparable injury prong is critical in the injunctive relief analysis. *See Winter*, 129 S. Ct. at 375. To satisfy this standard, however, he must do more than simply assert that he faces irreparable injury absent injunctive relief. *Id.* Rather, it is the plaintiff's burden to make a clear showing "that irreparable injury is *likely* in the absence of an injunction." *Id.*; *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). By offering only bald, unsupported allegations of irreparable injury, the plaintiff has failed to satisfy this burden. *See Cornish v. Dudas*, 540 F. Supp. 2d 61, 65 (D.D.C. 2008) (denying the plaintiff's motion for injunctive relief because the plaintiff had failed to submit competent evidence and instead offered "only broad conclusory statements" as to the prospect of irreparable injury).

Given that the plaintiff has failed to make a sufficient showing of irreparable injury, the court may deny his motion without considering the three remaining prongs of the injunctive relief analysis, namely, the likelihood of success on the merits, the balance of the equities and the public interest. *See CityFed Fin. Corp.*, 58 F.3d at 747. In any event, the plaintiff has entirely failed to address these three factors. *See generally* Pl.'s Mot. As a result, the court is not persuaded that the plaintiff is entitled to injunctive relief.

### III. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for a TRO. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 17th day of May, 2010.

RICARDO M. URBINA
United States District Judge